## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **ELIZABETH A. BRODERSON** | ) | |
| | ) | **Case Number** |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **ASSET ACCEPTANCE, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |

_____

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Elizabeth A. Broderson, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Elizabeth A. Broderson (hereinafter, "Plaintiff"), is an adult natural person and she brings this action for relief against Defendant, for violations of multiple sections of the Fair Debt Collection Practices Act ("FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act (FCEUA, 73 Pa. C.S. § 2270.1 et seq.), and Pennsylvania Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that Plaintiff resides in this district.

1

### III.   PARTIES

4.      Plaintiff, Elizabeth A. Broderson (hereafter, Plaintiff) is an adult natural person residing at 273 Shawmont Avenue, Apartment C, Philadelphia, Pennsylvania 19128.

5.      Defendant, Asset Acceptance, LLC (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a principal place of business located at 781 Far Hills Drive, Suite 100, New Freedom, Pennsylvania 17379.

### IV.   FACTUAL ALLEGATIONS

6.      Within the last four (4) years, Plaintiff has been receiving constant and continuous calls from Defendant attempting to collect on this alleged debt said to be owed to Heritage First USA / Chase.

7.      On or about July 1, 2014, Plaintiff received correspondence from Defendant alleging that the balance of $8,438.56 was due by Plaintiff.

8.      This correspondence gave no explanation as to the amount requested, and no accounting of the balance thereof.

9.      Plaintiff believes and therefore avers that she has never owed such an exorbitant amount on this alleged account.

10.     Simultaneously, Defendant reported to the credit bureaus that the current balance on this alleged account was $8,297.

11.     Further adding to the inconsistency in Defendant's recent demand on this alleged debt, on or about July 29, 2013, Plaintiff had received correspondence from Defendant alleging that the balance of $10,723.77 was due by Plaintiff.

12.     Further adding to the inconsistency as to Defendant's recent demand on this alleged debt, on or about July 9, 2013, Plaintiff had received correspondence from Defendant alleging that the balance of $10,662.56 was due by Plaintiff.

13.     Further adding to the inconsistency as to Defendant's recent demand, on or about June 21, 2012, Plaintiff had received correspondence from Petagroup Financial, LLC as an agent for Defendant alleging that the balance of $8,120.10 was due by Plaintiff.

14.     Further adding to the inconsistency as to Defendant's recent demand, on or about July 21, 2011, Plaintiff had received correspondence from Redline Recovery as an agent for Defendant alleging that the balance of $8,561.10 was due by Plaintiff.

15.     During the time that Defendant has attempted to collect on this alleged debt, Defendant's accounting has continuously been deceptive and misleading and continues to so be insomuch as they have been charging arbitrary fees and/or charging arbitrary interest ranging from 4% to 29% with no legal basis for so doing and no consumer disclosure as to the same.

16.     Defendant has also failed to inform the Plaintiff of her rights to dispute this alleged debt.

17.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

## COUNT I– FDCPA

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

4

24.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | False or misleading representations in communications regarding character, amount, or legal status of the alleged debt. |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Asset Acceptance, LLC, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT II - VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

26.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

28.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

29.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

30.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

31.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

32.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III - VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

36.     The UTPCPL prescribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37.     The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.     Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

38.      As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39.      By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.      An Order declaring that Defendants violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: August 15, 2014**

**BY:** *_/s/  Brent F. Vullings _____*
Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com